UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURVELL WATSON                                    CIVIL ACTION

VERSUS                                            No.: 18-5884

NATIONAL RAILROAD                                 SECTION: "J" (3)
PASSENGER CORPORATION,
ET AL.

## ORDER & REASONS

Before the Court is *Plaintiff's Amended Motion to Vacate Dismissal for Want of Prosecution* **(Rec. Doc. 46)**. Because Plaintiff has failed to allege a proper basis for relief under Rule 60, and because the Court's dismissal was without prejudice (Rec. Doc. 39), Plaintiff's motion is denied.

## FACTS AND PROCEDURAL BACKGROUND

The Court assumes the reader's familiarity with this case and provides only a brief account of the relevant facts and procedural history. Plaintiff Murvell Watson was injured in a train accident traveling from Chicago, Illinois to New Orleans, Louisiana. Watson filed suit in Illinois state court, where Defendants subsequently removed to federal court in the Northern District of Illinois. On June 12, 2018, The Honorable Judge Manish S. Shah of the Northern District of Chicago transferred the case upon Defendant's motion to the Eastern District of Louisiana. On December 21, 2018, after over six months of inactivity in the case, the Court dismissed Plaintiff's claim without prejudice for failure to prosecute, appear, and associate with local counsel. Finally, on January 24, 2019, Plaintiff's counsel was admitted to appear *pro*

*hac vice.* On April 14, 2019, Plaintiff filed the present motion to vacate the Court's judgment of dismissal without prejudice filed on December 21, 2018.

## DISCUSSION

A district court can grant relief from a *final* judgment under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." The burden of establishing a claim for relief under Rule 60(b) is on the movant, and the ultimate finding on a Rule 60(b) motion is within the discretion of the district court. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990). There is no abuse of discretion if a Rule 60(b) motion is denied when the justification "for relief is 'inadvertent mistake' of counsel." *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356–57 (5th Cir.1993) (quoting *Williams,* 828 F.2d at 329). Gross carelessness, ignorance of the rules, and ignorance of the law shall not suffice. *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 287 (5th Cir.1985) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2858). Rule 60(b)(6) contains a catchall provision that allows a court to grant a Rule 60(b) motion "for any other reason that justifies relief." Relief under this provision, however, is available "only if extraordinary circumstances are present." *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir.2002).

Here, Plaintiff gives no satisfactory justification for the six months of inactivity on the case. Plaintiff's primary arguments in support of the motion are based on Plaintiff's difficulty of associating local counsel, becoming admitted *pro hac vice*, and understanding local rules. While sympathetic to obstacles that can arise when a case is transferred, the Court concludes that failure to overcome these relatively

2

pedestrian venue transfer obstacles does not justify relief under Rule 60(b). Rather, Plaintiff's, or Plaintiff's counsel's, mistakes are more appropriately characterized as carelessness or ignorance of the rules that do not justify relief. *See Pryor*, 769 F.2d 281. Plaintiff does not cite any cases, nor can the Court locate any, supporting Plaintiff's position that routine venue transfer hurdles justify Rule 60 relief.

Furthermore, Plaintiff took no official action regarding these obstacles until after the dismissal of his case. As the court docket reflects, Plaintiff never filed any motions asking for an extension of time or seeking to be admitted *pro hac vice* until after the judgment was entered, almost seven months after the case was transferred. Plaintiff's counsel failed to appear at two separate docket calls (Rec. Doc. 36 and 38) at which Plaintiff's counsel could have attempted to show good cause existed for the failure to prosecute.

Additionally, Plaintiff urges the Court to review its dismissal under the heightened standards for involuntary dismissals with prejudice. The Fifth Circuit recognizes that involuntary dismissal with prejudice is a harsh sanction, and thus is only justified if there is a "clear record of delay or contumacious conduct by the plaintiff" and "lesser sanctions would not serve the interests of justice." *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir.1982) (quoting *Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir.1972)). Many courts also require a district court find at least one of the following three aggravating factors present to uphold an involuntary dismissal with prejudice: "(1) delay caused by plaintiff himself and not his attorney;

3

(2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price v. McGlathery*, 792 F.2d 472 (5th. Cir. 1986).

These standards, however, are not relevant to the present case. The Court's December 21, 2018 judgment dismissed Plaintiff's claims *without* prejudice. Nonetheless, although Plaintiff makes no reference to this legal theory in his support memorandum, it is generally accepted that "where further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *McGowan v. Faulkner Concrete Pipe. Co.*, 659 F.2d 554 (5th. Cir. 1981). Therefore, a brief analysis of the Plaintiff's claim as it relates to the statute of limitations is necessary.

As noted by the Honorable Samuel Der-Yeghiayan in his denial of Defendant's Motion to Dismiss (Rec. Doc. 13), this case is governed by Illinois' statute of limitations law. It is undisputed that Illinois has a two-year statute of limitations period for tort claims. Plaintiff's injury occurred on May 10, 2015, and Plaintiff filed a claim May 9, 2017. *Id.* Therefore, when the time period dating from Plaintiff's dismissal on December 21, 2018 is combined with time already run, Plaintiff is well over the two-year statute of limitations period. Fortunately for Plaintiff, Illinois has a generous savings statute for claims dismissed for a failure to prosecute.

*735 ILCS 5/13-217* "grants a plaintiff an absolute right to refile certain timely-filed actions within one year of judgment, regardless of whether the applicable statute of limitations has expired in the interim." *Bonds v. City of Chicago*, No. 16 C 5112 WL 698680 *4 (N.D. Illinois, Feb. 2017). This includes claims that have been

4

dismissed for want of prosecution. *Id at 2*. Thus, the Court's dismissal of Plaintiff's claims truly was without prejudice, as Plaintiff has a year from the date of the dismissal to refile the claims under Illinois statute of limitations law.

This conclusion buttresses the Court's holding that Plaintiff is not entitled to relief under Rule 60(b)(6). Because Rule 60(b)(6) is "a means for accomplishing justice in exceptional circumstances," *Steverson v. GlobalSantaFe Corp.,* 508 F.3d 300, 303 (5th Cir.2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604–05 (5th Cir.1986)), it is inappropriate for a situation where there is a clear alternative avenue for the plaintiff to seek justice.

## **CONCLUSION**

Accordingly,

IT IS ORDERED that Plaintiff Murvell Watson's *Motion to Vacate Dismissal for Want of Prosecution* **(Rec. Doc. 46)** is DENIED.

New Orleans, Louisiana this 26th day of September, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE